**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **5:17-cr-00882-DAE** |
| | § | |
| **LUIS VALENCIA** | § | |

---

**MOTION TO DISMISS**
**FOR LACK OF AUTHORITY TO PROSECUTE**
**(Acting Attorney General Whitaker Lacks Constitutional Authority)**

---

**TO THE HONORABLE DAVID A. EZRA, SENIOR UNITED STATES DISTRICT JUDGE**
**FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:**

NOW COMES LUIS VALENCIA, by and through his undersigned Counsel, and hereby files this Motion to Dismiss for Lack of Authority to Prosecute pursuant to Article II Section 2 of the Constitution of the United States; 18 United States Code Section 508; and Rules 12(b) and 48(b) of the Federal Rules of Criminal Procedure. For good cause and in support thereof, Defendant would respectfully show this Honorable Court as follows:

**BRIEF SUMMARY OF THE ARGUMENT**

On Wednesday, November 7, 2018, Attorney General Jeff Sessions was forced to resign and effectively fired by the President of the United States. That same day, the President of the United States appointed Matthew Whitaker as acting Attorney General without the advice and consent of the United States Senate[1]. This Presidential action violates Article II Section 2 of the United States Constitution, the Attorney General Succession Act, and recent Supreme Court

---

[1] The President posted on the "Twitter" social media website writing "We are pleased to announce that Matthew G. Whitaker, Chief of Staff to Attorney General Jeff Sessions at the Department of Justice, will become our new Acting Attorney General of the United States. He will serve our Country well...." *See* Donald J. Trump (@realDonaldTrump), TWITTER (Nov. 7, 2018, 11:44 AM), https://twitter.com/realDonaldTrump/status/1060256619383193601

1

precedent, and as such, the prosecution of Defendant by the Department of Justice is currently without authority and unlawful. The indictment in this case should be dismissed without prejudice because the attorneys for the Government have no authority to act and the case is being unduly delayed by that lack of any authorized representative of the Justice Department to proceed in this matter. Furthermore, no pleadings should be allowed to be filed by Opposing Counsel currently litigating this matter until such time as he receives constitutional authority to do so. Also, Opposing Counsel's Response to Motion to Dismiss (Dkt. No. 163) filed on Friday, November 9, 2018, should likewise be stricken.

## LAW & ARGUMENT

**1.     The purported appointment of Matthew Whitaker by the President as Acting Attorney General violates the United States Constitution.**

Article II of the United States Constitution vests the President with the power to act as commander-in-chief. *See* U.S. CONST. Amend II. Section 2 of that Article dictates that:

> [The President] shall have power, by and with the advice and consent of the Senate, to make treaties, provided two thirds of the Senators present concur; **and he shall nominate, and by and with the advice and consent of the Senate,** shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and **all other officers of the United States**, whose appointments are not herein otherwise provided for, and which shall be established by law: but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.

*See id* (emphasis added).

> *The Attorney General is a principal officer entitled to Senate confirmation.*

The Appointments Clause of the U.S. Constitution, quoted above, clearly states that principal officers of the United States must be nominated by the president *and* confirmed by the Senate under its "Advice and Consent" powers. *See id.; see also Edmond v. United States,* 520 U.S. 651, 659 (1997). The United States Attorney General is clearly a principal officer, as he is

concerned with all legal affairs as the chief lawyer of the Federal government of the United States and head of the United States Department of Justice per 28 U.S.C. § 503. Moreover, the Supreme Court clarified same in *Morrison v. Olson*, 487 U.S. 654 (1988).

## 2.    The appointment of Matthew Whitaker as Acting Attorney General violates the Attorney General Succession Act.

The Attorney General Succession Act, 28 U.S.C. § 508 - Vacancies, reads as follows:

(a) In case of a vacancy in the office of Attorney General, or of his absence or disability, the Deputy Attorney General may exercise all the duties of that office, and for the purpose of section 3345 of title 5 the Deputy Attorney General is the first assistant to the Attorney General.

(b) When by reason of absence, disability, or vacancy in office, neither the Attorney General nor the Deputy Attorney General is available to exercise the duties of the office of Attorney General, the Associate Attorney General shall act as Attorney General. The Attorney General may designate the Solicitor General and the Assistant Attorneys General, in further order of succession, to act as Attorney General.

*See* 18 U.S.C. § 508. The President is not following the order of succession. The statute dictates that the Attorney General position vacated by Jeff Sessions should have been filled by the sitting, previously confirmed, Deputy Attorney General, Rod Rosenstein[2].

The Constitution states that principal officers must go through appointment with the advice and consent of the Senate. As mentioned above, in *Morrison v. Olson*, the Supreme Court made it clear that the Attorney General is a principal officer. *Morrison,* 487 U.S. 654 (1988). Although the Federal Vacancies Reform Act of 1998 (the Vacancies Act) allows the president to choose any senior DOJ official to serve as an acting attorney general as long as that person has already served in a high-level position for 90 days[3], the statute becomes unconstitutional when applied to trump

---

[2] Deputy Attorney General Rod Rosenstein was nominated on February 1, 2017, and confirmed by the United States Senate on April 25, 2017, pursuant to Appointments Clause of Article II, Section 2 of the U.S. Constitution and the Attorney General Succession Act, 28 U.S.C. § 508.

[3] Title 5 United States Code Section 3345, Acting Officer, allows the President to direct an officer or employee of the

the Constitution's requirements of advice and consent. Therefore, Whitaker cannot serve as Acting Attorney General despite the Vacancies Act, the statute is unconstitutional when applied in this way.

3.     **The issue at hand is analogous to the issue faced by the Supreme Court in *National Labor Relations Board v. SW General Inc., dba Southwest Ambulance,* 137 S. Ct. 929 (2017).**

In 2017, the Supreme Court faced the issue of whether the general counsel of the National Labor Relations Board had been lawfully appointed to his job without Senate confirmation. *See N.L.R.B. v. SW Gen., Inc.,* 137 S. Ct. 929 (2017). There, the Supreme Court held the appointment invalid on a statutory ground. *See id.* Justice Thomas agreed with the holding but wrote separately in a concurring opinion to emphasize that even if the statue allowed the appointment, the United States Constitution Appointment's Clause would have likely prohibited it. In the opinion, Justice Thomas references the Vacancies Act and how it authorizes the President to appoint both inferior and principal officers without first obtaining the advice and consent of the Senate. *See id.* at 946. He adds, however, that "[a]ppointing principal officers under the FVRA, however, raises grave constitutional concerns because ***the Appointments Clause forbids the President to appoint principal officers without the advice and consent of the Senate***." *See id* (emphasis added). Justice Thomas suggested that when interpreting whether an appointment complied with the requirements of the Appointments Clause, "[t]he inquiry turns on two considerations: (1) whether the [appointed person's position] is an "Officer of the United States" within the meaning of the Appointments Clause and, if so, (2) whether he is a principal officer who can be appointed only by and with the advice and consent of the Senate." *id* (footnote omitted). In the case at bar and as mentioned above,

---

Executive agency to perform the functions and duties of the vacant office temporarily in an acting capacity, subject to the time limitations of section 3346, if (A) during the 365-day period preceding the date of death, resignation, or beginning of inability to serve of the applicable officer, the officer or employee served in a position in such agency for not less than 90 days; and (B) the rate of pay for the position described under subparagraph (A) is equal to or greater than the minimum rate of pay payable for a position at GS-15 of the General Schedule. *See* 5 U.S.C.A. § 3345.

the Attorney General is clearly a principal officer of the United States which requires the appointment to be made with the advice and consent of the Senate.

In the *N.L.R.B.* case, Justice Thomas's concurring opinion stated that the general counsel for N.L.R.B. would have likely satisfied the definition of a principal officer, "Because it appears that the general counsel answers to no officer inferior to the President, he is likely a principal officer. **Accordingly, the President likely could not lawfully have appointed Solomon to serve in that role without first obtaining the advice and consent of the Senate.**" *See id.* at 948 (footnote omitted) (emphasis added). As previously mentioned, the Attorney General is principle legal officer of the United States and head of the United States Department of Justice per 28 U.S.C. § 503. As such, the President likely could not lawfully have appointed anyone to serve in that role without first obtaining the advice and consent of the Senate. As Justice Thomas pointed out:

> Granting the President unilateral power to fill vacancies in high offices might contribute to more efficient Government. **But the Appointments Clause is not an empty formality.** Although the Framers recognized the potential value of leaving the selection of officers to "one man of discernment" rather than to a fractious, multimember body, see The Federalist No. 76, p. 510 (J. Cooke ed., 1961), **they also recognized the serious risk for abuse and corruption posed by permitting one person to fill every office in the Government,** see id., at 513; 3 J. Story, Commentaries on the Constitution of the United States § 1524, p. 376 (1833). **The Framers "had lived under a form of government that permitted arbitrary governmental acts to go unchecked,"** Chadha, supra, at 959, 103 S.Ct. 2764 and they knew that liberty could be preserved only by ensuring that the powers of Government would never be consolidated in one body, see The Federalist No. 51, p. 348. They thus empowered the Senate to confirm principal officers on the view that "the necessity of its co-operation in the business of appointments will be a considerable and salutary restraint upon the conduct of" the President. The Federalist No. 76, at 514; 3 Story, supra, § 1525, at 376–377. **We cannot cast aside the separation of powers and the Appointments Clause's important check on executive power for the sake of administrative convenience or efficiency.** See Bowsher v. *949 Synar, 478 U.S. 714, 736, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986).

*N.L.R.B.*, 137 S. Ct. at 948–49. In light of Justice Thomas's concurrence, the President's appointment of Whitaker does in fact cast aside the important check on executive power regardless

of the appointment being temporary or that of a principal officer.

**4.      Opposing Counsel lacks the authority to represent the Government or proceed to prosecute this case.**

The U.S. Constitution, through the nomination power of the President and advice and consent power of the Senate, grants the Attorney General the authority to act as the head of the Justice Department. All other positions under the Attorney General as the head of the Department of Justice derive their authority directly from the Attorney General.

The position of Attorney General was created by the Judiciary Act of 1789. In June of 1870, Congress enacted "An Act to Establish the Department of Justice," which established the Attorney General as head of the Department of Justice and gave the Attorney General direction and control of U.S. Attorneys and all other counsel employed on behalf of the United States. The Act also vested in the Attorney General supervisory power over the accounts of U.S. Attorneys and U.S. Marshals[4]. Therefore, the Attorney General clearly directs and controls all U.S. Attorneys, to include Opposing Counsel.

Currently, Mr. Whitaker does not have the constitutional authority to act as the Attorney General. It follows that the Department of Justice, its subordinates, all United States Attorneys and assistants, are without a lawful executive officer to invest them with authority. Likewise, Opposing Counsel is without authority to represent the Government or proceed in this case. Neither is there anyone serving under Mr. Whitaker that would have any authority to represent the United States unless confirmed by the Senate.

**5.      Dismissal is warranted because of the failure of the Government to bring Defendant to trial in a timely manner.**

Federal Rule of Criminal Procedure 48(b) states that "[t]he court may dismiss an

---

[4] *See* Justice Management Division, United States Department of Justice, https://www.justice.gov/jmd/organization-mission-and-functions-manual-attorney-general (updated Sep. 9, 2014) *last accessed* Nov. 12, 2018.

indictment, information, or complaint if unnecessary delay occurs in… bringing a defendant to trial." *See* Fed. R. Crim. Proc. 48. Here, no authority currently exists for the Government to proceed with its indictment against Defendant because the Department of Justice and all of its subordinate officers lack the constitutional authority to act. In addition to trial, this case is set for a motions hearings in the near future but there is no authority for Opposing Counsel nor any Justice Department official to act or represent the interests of the United States. There would appear to be no certain date in the future in which this unique constitutional irregularity will be resolved. This delay is at this time indefinite and uncertain. While Defendant is not in custody, he is under conditions of bond which constitute a restraint on his liberty. For this reason, the matter should be dismissed without prejudice until such time that the President may find a Constitutionally authorized Attorney General or Acting Attorney General. To rule in any other way would be an abdication of the Judiciary's important role in enforcing the separation of powers demanded by the Article II Section 2 of the Constitution.

<u>CONCLUSION & PRAYER</u>

The indictment must be dismissed because Opposing Counsel has no authority to bring this prosecution. As detailed in this Motion, the appointment of Matthew Whitaker as Acting Attorney General violates the United States Constitution, Attorney General Succession Act, and Federal Case Law. Because no current Attorney General or Acting Attorney General exists, there exists no one with the authority to represent the Government or to prosecute this case in the foreseeable future. This uncertain delay is causing undue prejudice on the Defendant and for like reasons, the indictment must be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Luis Valencia respectfully prays that this Honorable Court dismiss the indictment and strike Government's Response to

Motion to Dismiss (Dkt. No. 163); or, in the alternative, that this Court schedule an immediate

emergency hearing on this matter on the merits and that at such hearing this Motion will be in all

things granted.

Respectfully submitted,

FLANARY LAW FIRM, PLLC
Donald H. Flanary, III.
State Bar No. 24045877
Amanda I. Hernandez
State Bar No. 24087027
1005 S. Alamo St.
San Antonio, Texas 78210
Tel: (210) 738-8383
Fax: (210) 738-9426

BY: */s/ Donald H. Flanary, III.*
        Donald H. Flanary III

ATTORNEY FOR DEFENDANT,
Luis Valencia.

## CERTIFICATE OF CONSULTATION

This is to certify that the undersigned counsel conferred with the Assistant United States Attorney regarding this motion and:

_____ He does not oppose it.

__X__ He does oppose it.

_____ Our attempts to resolve it were unsuccessful.

_____ Counsel were able to agree regarding the motion as follows:

_____

_____ Counsel's attempt to contact the government was unsuccessful.

*/s/ Donald H. Flanary, III.*
Donald H. Flanary, III.

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the above and foregoing document was electronically sent *via* CM/ECF to Bud Paulissen, Assistant United States Attorney, on November 12, 2018.

*/s/ Donald H. Flanary, III.*
Donald H. Flanary, III.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **5:17-cr-00882-DAE** |
| | § | |
| **LUIS VALENCIA;** | § | |

---

**ORDER ON MOTION TO DISMISS**
**FOR LACK OF AUTHORITY TO PROSECUTE**
**(Acting Attorney General Whitaker Lacks Constitutional Authority)**

---

On _____, 2018, came on to be considered Defendant LUIS

VALENCIA'S Motion to Dismiss Indictment for Lack of Authority to Prosecute. The Court finds

that the Motion has merit and should be granted**. IT IS THEREFORE ORDERED that**

**Defendant LUIS VALENCIA'S Indictment in this cause be dismissed.**


        (Granted)                       (Denied)


_____
**HONORABLE DAVID A. EZRA**
**CHIEF UNITED STATES DISTRICT JUDGE**


10