UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. SA-17-CR-882-DAE (1) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| LUIS VALENCIA, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; (2) OVERRULING IN PART AND SUSTAINING IN
PART OBJECTIONS TO WRIT OF GARNISHMENT; AND (3) DENYING
REQUEST FOR HEARING

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 604) submitted by United States Magistrate Judge Elizabeth Chestney. After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations and (1) **OVERRULES** Defendant Luis Valencia's Objections to Writ of Garnishment (Dkts. ## 593, 594); (2) **OVERRULES IN PART AND SUSTAINS IN PART** Blanca Villar's, spouse of Defendant Luis Valencia, Objections to Writ of Garnishment (Dkts. ## 572, 575, 583); and (3) **DENIES** Defendant's and Ms. Villar's request for a hearing.

The facts preceding this Order are laid out in Judge Chestney's Report. (Dkt. # 604 at 2–4.) On June 1, 2021, the Court sentenced Defendant to

30 months' imprisonment after he entered a plea of guilty to one count of Wire Fraud and Aiding and Abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2. (Dkt. # 518.) On July 12, 2021, the Court ordered that Defendant pay restitution in the amount of $1,050,316.66. (Dkt. # 524.) On September 13, 2021, the Court amended the judgment to include the restitution decision and correct the money judgment amount. (Dkt. # 535.) Upon Defendant's sentence, pursuant to 18 U.S.C. §3613(c), a lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution.

On February 28, 2023, and March 21, 2023, the Government filed Applications for Writ of Garnishment (Dkts. ## 554, 561), requesting writs of garnishment against any non-exempt property within the custody, possession, or control of two financial institutions, Broadway Bank and Frost Bank ("the Garnishee Banks"), belonging to Defendant, his spouse (Blanca Villar), and Valvi Real Estate, a company owned and managed by Ms. Villar. On those same days, the Court ordered Writs of Garnishment on the Garnishee Banks pursuant to 28 U.S.C. § 3205(c)(2)(F). (Dkts. # 555, 562.)

Garnishees Broadway Bank and Frost Bank filed answers to the Writs admitting that each had property belonging to Defendant and/or Ms. Villar in its possession, namely: (1) $16,661.04 in a checking account and a safe deposit box at

Broadway Bank (Dkt. # 558 at 1), and (2) a commercial account containing $99,978.45 in the name of Valvi Real Estate at Frost Bank.  (Dkt. # 568 at 1.)

Defendant was served with notice of garnishment proceedings through the Court Clerk pursuant to Rule of Civil Procedure 5(b)(2)(D) on May 1, 2023. (Dkts. ## 576, 577, 578, 579.)  The Government explained that attempts to serve notice of garnishment on Defendant had been unsuccessful due to his deportation and lack of any known address at which to reach Defendant.  (Id.)

A judgment debtor has twenty days in which to object to the garnishment and request a hearing.  28 U.S.C. § 3205(c)(5).  On April 14, 2023, and April 27, 2023, Ms. Villar filed answers to the writs of garnishment and requested a hearing.  (Dkt. # 572, 575.)  On August 20, 2024, Defendant filed his untimely objections and requested a hearing on his objections.  (Dkts. ## 593, 594.)  On August 21, 2024, Ms. Villar filed a supplement to her answer to the writ of garnishment and request for hearing.  (Dkt. # 595.)

There is no evidentiary fact finding required to evaluate the validity of the claimed exemptions.  See United States v. Banks, No. 3:11-CV-3523-L, 2013 WL 357823, at *3 (N.D. Tex. Jan. 10, 2013), report and recommendation adopted, No. 3:11-CV-3523-L, 2013 WL 359369 (N.D. Tex. Jan. 30, 2013) (hearing on claimed exemptions not required, even where requested, where exemptions only raise issue of law with no need for factfinding).

On July 16, 2024, the Court referred the pending garnishment issues to Judge Chestney for a Report. On August 14, 2024, Judge Chestney held a status conference regarding the writs of garnishment. (Dkt. # 591.) On October 7, 2024, Judge Chestney issued her Report, finding no need to conduct a hearing on Defendant's or Ms. Villar's objections. (Dkt. # 604 at 4.) In her Report, Judge Chestney determined that (1) Defendant's objections to the writs of garnishment are untimely, and neither Defendant nor Ms. Villar are entitled to a hearing, and (2) Ms. Villar has not satisfied her burden to demonstrate that the funds held by the Garnishee Banks are not subject to garnishment, but the Government may not garnish the items in Ms. Villar's safe deposit box. (Id. at 4, 10.)

A.  Defendant's Untimely Objections

Defendant argues that the Court should consider his objections as timely because he was never served with the writs of garnishment issued by the Court or the Garnishee's answers. He states in his objections that he was deported to Mexico in June of 2023 and that he had no communication with the United States Attorney's Office or this Court until August 2024. (Id. at 5.) However, the Magistrate Judge found that the Government satisfied the requirements of due process by serving Defendant through the court clerk pursuant to the service requirements contained within 28 U.S.C. § 3003(f), Fed. R. Civ. P. 5(b)(2)(C), and Fed. R. Civ. P. 5(b)(2)(D). (Id. at 5–6.)

4

In addition, Judge Chestney explained that, while not required, it appears that Defendant also had actual notice of the garnishment proceedings from both his spouse and his attorney as of June 2023. (Id.) The record also demonstrates that Defendant never provided an update of his new address in Mexico as required by 18 U.S.C. §§ 3572(d)(3), 3612(b)(F), and 3664(k). (Id.) Further, the record demonstrates that Defendant's attorney, Mr. Alfonso Cabañas, was actively speaking with the Assistant U.S. Attorney, Kristy Callahan, regarding the garnishments in June 2023. (Id.)

Accordingly, the Court declines to consider Defendant's objections to the garnishment of the property identified by Broadway Bank and Frost Bank because he had proper notice of the garnishments, his objections were untimely filed, and the United States satisfied its procedural obligations regarding service of the garnishments on Defendant.

B.  Request for Hearing

Additionally, the Magistrate Judge found that neither Defendant nor Ms. Villar established a basis for an evidentiary hearing. (Id. at 7.) The scope of a hearing on objections to a garnishment is limited to (1) the validity of any claim of exemption, (2) the government's compliance with the statutory requirements for the garnishment process, and (3) issues pertaining to the enforcement of a default judgment. 28 U.S.C. § 3202(d). Judge Chestney found that Defendant did not

assert any of the enumerated exemptions in 18 U.S.C. 3613(a)(1) as a basis for his objections to garnishment of the property identified by Broadway Bank and Frost Bank. (Dkt. # 604 at 8.)

As for Ms. Villar's objections, Judge Chestney found that the arguments raised in her objections are legal arguments regarding the classification of the property at issue as her solely owned or sole-management community property not subject to restitution. (Id.) Ms. Villar did not argue that the property subject to garnishment fell within the § 3613(a)(1) exemptions, which are the exemptions provided for in 26 U.S.C. § 6334(a)(1)–(8), (10), and (12). (Id.) Nor did Ms. Villar identify any plausible basis for the asserted exemption regarding wages, salary, and other income through 15 U.S.C. § 1673(a), which places restrictions on the amount of "aggregate disposable earnings" that can be subject to garnishment. (Id. at 9.)

Accordingly, the Court **DENIES** Defendant's and Ms. Villar's request for a hearing as neither are entitled to a hearing on their objections to the garnishment of property held by the Garnishee banks pursuant to 28 U.S.C. § 3202(d).

C.  Property Subject to Garnishment

With respect to Ms. Villar's objections to the garnishments, the Magistrate Judge found that Ms. Villar has not carried her burden of proving the

merit of her objections pursuant to 28 U.S.C. § 3205(c)(5) with regards to the subject bank accounts, although she has carried her burden with regards to the safe deposit box. (Dkt. # 604 at 10.) Based on the record, the funds at issue in the checking accounts subject to garnishment are traced from the sale of Defendant's property located at 923 Foxton Drive, San Antonio, Texas 78260. (Id. at 12.)

Finding that the funds from the sale of the Foxton property constitute Defendant's separate property subject to garnishment, the Magistrate Judge denied Ms. Villar's objections to the writs of garnishment. (Id. at 13.) Judge Chestney concluded that the funds in the checking accounts were not community property as Ms. Villar argues because the character of Defendant's separate property did not change even if community funds were spent to improve the property, or even where a party holds shared homestead rights on a spouse's separate property. (Id. at 12–13.) Thus, the funds in the checking accounts are subject to garnishment.

Finally, the Magistrate Judge found that Ms. Villar established the personal property in the safe deposit box is separate property, not subject to garnishment. (Id. at 14.) The Government did not respond to Ms. Villar's proffered evidence regarding her separate property. (Id.)

Therefore, the Court **DENIES** Ms. Villar's objections to garnishment as to the funds held in the Broadway Bank and Frost Bank accounts but will not order the garnishment of the safe deposit box's contents.

Objections to the Report were due within 14 days after being served with a copy. No party timely objected to the Report. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the following conclusions by the Magistrate Judge conclusions to be correct: (1) Defendant's objections were untimely, (2) neither Defendant nor Ms. Villar are entitled to a hearing, (3) the bank accounts at Broadway Bank and Frost Bank are not exempt from garnishment, (4) the contents of Ms. Villar's safe deposit box are not subject to garnishment. Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 604) as the opinion of the Court. The Court **OVERRULES** Defendant's objections to garnishment (Dkts. ## 593, 594) and **OVERRULES IN PART AND SUSTAINS IN PART** Ms. Villar's objections to garnishment. (Dkts. ## 572, 575, 595.) Further, the Court **DENIES** Defendant's and Ms. Villar's request for a hearing.

The Government is **PERMITTED** to proceed with filing its motion for a disposition order against the Garnishee Banks as to all property identified as

8

subject to the writs of garnishment except for the contents of Ms. Villar's safe deposit box.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, December 18, 2024.

_____
David Alan Ezra
Senior United States District Judge